UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



FILED

2007 SEP 17 PM 3: 54

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LARRY RUMBOUGH
    Plaintiff

-v-

CAPITAL ONE SERVICES, INC.,
a Delaware Corporation;
TSYS TOTAL DEBT MANAGEMENT,
a Georgia Corporation;
REGIONAL ADJUSTMENT BUREAU, INC.,
a Texas Corporation.
    Defendants

CASE NO.

6:07-CV-1484-ORL-22 DAB

## COMPLAINT

Plaintiff, Larry Rumbough, hereby sues Defendants, Capital One Services, Inc., a Delaware Corporation; TSYS Total Debt Management, a Georgia corporation; and Regional Adjustment Bureau, Inc., a Texas corporation; and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559.55 *et seq.*; for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; and for declaratory and injunctive relief.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p); and 15 U.S.C. §1692. The court has supplemental jurisdiction over state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

4. This is an action for damages which exceed $75,000.00.

5. Plaintiff, Larry Rumbough, is a natural person and is a resident of the State of Florida.

6. Defendant, CAPITAL ONE SERVICES, INC. ("Capital One"), is a Delaware Corporation, authorized to do business in Florida. Defendant TSYS TOTAL DEBT MANAGEMENT ("TSYS"), is a Georgia corporation, authorized to do business in Florida.

Defendant REGIONAL ADJUSTMENT BUREAU, INC. ("RAB") is a Texas corporation, authorized to do business in Florida.

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

8. In 2001, Plaintiff obtained a credit card from Defendant Capital One. The account was closed within a few months when Defendant Capital One refused to abide by the Fair Credit Billing Act in reversing illegitimate charges.

9. About the same time that the account was closed, Defendant Capital One began reporting false information to the credit reporting agencies, Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes.

10. At the time the account was closed, there was a disputed balance of less than $300. Since then Defendant Capital One has been attempting to collect on what it now claims to be a balance of approximately $2,300.

11. On September 1, 2006, Defendant Capital One sent Plaintiff a letter indicating that the alleged debt had been charged off yet still continued to accrue interest of 25.9% per year.

12. On October 24, 2006 Defendant TSYS filed a Proof of Claim in Plaintiff's bankruptcy seeking $2,323.92 on behalf of Defendant Capital One. A copy of the Proof of Claim was not sent to Plaintiff.

13. On March 27, 2007 Plaintiff sent a letter to Defendant TSYS demanding validation of the alleged debt. The letter was sent by certified mail and received by Defendant TSYS on March 30, 2007.

14. On April 14, 2007 Defendant RAB called Plaintiff attempting to collect on the alleged debt.

15. On April 16, 2007 Defendant RAB sent a letter to Plaintiff attempting to collect on the alleged debt.

16. On April 18, 2007 Defendant RAB called Plaintiff attempting to collect on the alleged debt.

17. On April 25, 2007 Plaintiff sent a letter to Defendant RAB demanding validation of the alleged debt. The letter was sent by certified mail and received by Defendant RAB on May 1, 2007.

18. On May 1, 2007 Defendant RAB called Plaintiff attempting to collect on the alleged debt.

19. On May 2, 2007 Defendant RAB sent a letter to Plaintiff attempting to collect on the alleged debt. The letter did not validate the alleged debt.

20. On May 2, 2007 Defendant Capital One sent Plaintiff a letter indicating that it could not find any record of Plaintiff's account.

21. On June 7, 2007 Plaintiff sent a letter entitled "NOTICE OF PENDING LAWSUIT" to Defendant Capital One demanding that it and Defendants TSYS and RAB cease violating federal and state laws at Plaintiff's expense. The letter was sent by certified mail and received by Defendant Capital One on June 15, 2007. Copies of the letter were also sent to Defendants TSYS and RAB.

22. On June 30, 2007 Defendant Capital One sent Plaintiff a letter responding to the "NOTICE OF PENDING LAWSUIT" indicating that it could not find any record of Plaintiff's account. Also enclosed with the mailing was a copy of Plaintiff's "NOTICE OF PENDING LAWSUIT."

23. On July 17, 2007 Defendant Capital One sent Plaintiff a letter requesting consent to send information about the alleged account to a third party.

24. On September 7, 2007 Defendant Capital One again sent Plaintiff a letter requesting consent to send information about the alleged account to a third party.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANTS TSYS, and RAB

25. Paragraphs 1 through 24 are realleged as though fully set forth herein.

26. Defendants TSYS and RAB are debt collectors within the meaning of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692(a).

27. Due to the repeated and continuing violations of the FDCPA, Plaintiff is entitled to actual and statutory damages under 15 U.S.C. §1692(k).

WHEREFORE, Plaintiff demands judgment for damages against Defendants TSYS and RAB for actual or statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692(k).

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION
## PRACTICES ACT (FCCPA), FLA. STAT. §559.55
## BY DEFENDANTS CAPITAL ONE, TSYS, and RAB

28. Paragraphs 1 through 24 are realleged as though fully set forth herein.

29. Defendant Capital One is a creditor and Defendants TSYS, and RAB are debt collectors within the meaning of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559.55.

30. Due to the repeated and continuing violations of the FDCPA, Plaintiff is entitled to actual and statutory damages under Fla. Stat. §559.77.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Capital One, TSYS, and RAB for actual or statutory, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT III
## VIOLATION OF FAIR CREDIT REPORTING
## ACT (FCRA), 15 U.S.C. §1681
## WILLFUL NON-COMPLIANCE BY DEFENDANT CAPITAL ONE

31. Paragraphs 1 through 24 are realleged as though fully set forth herein.

32. Defendant Capital One is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681(s).

33. Plaintiff has for several years disputed incorrect information that Defendant Capital One has reported to the three credit reporting agencies, Equifax, Experian, and Trans Union.

34. Despite dozens of such disputes, Defendant Capital One has failed to investigate Plaintiff's disputes and has numerous times refused to indicate that the account was in dispute.

35. Plaintiff contends that the Defendant Capital One has violated the FCRA by repeatedly and willfully issuing false consumer credit reports concerning the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Capital One for actual or statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681(n).

## COUNT IV
## DECLARATORY RELIEF SOUGHT

36. Declaratory relief is provided by 28 U.S.C. §2201 and 28 U.S.C. §2202

WHERFORE, Plaintiff demands that the Court issue a declaratory judgment that Defendants TSYS and RAB have violated the FDCPA; that Defendants Capital One, TSYS, and RAB have violated the FCCPA; and that Defendant Capital One has violated the FCRA.

## COUNT V
## INJUNCTIVE RELIEF SOUGHT

37. Injunctive relief is provided by 15 U.S.C §1681 and 15 U.S.C. §1692.

WHEREFORE, Plaintiff demands that the Court, mandatorily, enjoin Defendants TSYS and RAB from attempting to collect on any alleged debt; and Plaintiff demands that the Court, mandatorily, enjoin Defendant Capital One to permanently delete any derogatory information on Plaintiff's credit reports that are inaccurate, misleading, and/or unverifiable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: September 17, 2007

Respectfully submitted,

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859