074695

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### CASE NO. 6:07-CV-1484-ORAL-22DAB

RUMBOUGH, LARRY,

    Plaintiff,

v.

CAPITAL ONE SERVICES, INC.;
TSYS TOTAL DEBT MANAGEMENT; and
REGIONAL ADJUSTMENT BUREAU, INC.

    Defendant,

_____/

### DEFENDANT REGIONAL ADJUSTMENT BUREAU, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Defendant, REGIONAL ADJUSTMENT BUREAU, INC. ("RAB"), by and through their undersigned counsel and hereby files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and states as follows:

1. As it relates to the allegations contained in paragraph 1 of Plaintiff's First Amended Complaint, Defendant admits that this is an action for damages brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 et seq.; for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla.

CASE NO. 6:07-CV-1484-ORAL-22DAB

Stat. §559.55 et seq.; for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq.; and for declaratory and injunctive relief.

2.   Defendant denies the allegations in paragraphs 2-4 of Plaintiff's First Amended Complaint.

3.   Defendant is without knowledge as it relates to the allegations in paragraph 5 of Plaintiff's First Amended Complaint.   Consequently, said allegations are denied.

4.   As it relates to the allegations contained in paragraph 6 of Plaintiff's First Amended Complaint, Defendant admits that it is a Tennessee corporation.   Defendant denies all other allegations contained in paragraph 6 of Plaintiff's First Amended Complaint.

5.   Defendant denies the allegations in paragraph 7 of Plaintiff's First Amended Complaint.

### FACTUAL ALLEGATIONS

6.   Defendant is without knowledge as it relates to the allegations in paragraphs 8-13 of Plaintiff's First Amended Complaint.   Consequently, said allegations are denied.

7.   Defendant denies the allegations in paragraphs

-2-

CASE NO. 6:07-CV-1484-ORAL-22DAB

14-19 of Plaintiff's First Amended Complaint.

8.   Defendant is without knowledge as it relates to the allegations in paragraphs 20-24 of Plaintiff's First Amended Complaint.  Consequently, said allegations are denied.

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION
### PRACTICES ACT (FDCPA), 15 U.S.C. § 1692
### BY DEFENDANTS TSYS, AND RAB

9.   As it relates to the allegations in paragraph 25, Defendant, RAB, realleges responses to paragraphs 1-24 above as if re-pled herein in their entirety.

10.   As it relates to the allegations contained in paragraph 26 of Plaintiff's First Amended Complaint, Defendant admits that it is a debt collector within the meaning of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. Section 1692(a).  Defendant denies all other allegations contained in paragraph 26 of Plaintiff's First Amended Complaint.

11.   Defendant denies the allegations in paragraph 27 of Plaintiff's First Amended Complaint.

CASE NO. 6:07-CV-1484-ORAL-22DAB

## COUNT II
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559.55 BY DEFENDANTS CAPITAL ONE, TSYS, AND RAB

12.   As it relates to the allegations in paragraph 28, Defendant, RAB, realleges responses to paragraphs 1-24 above as if re-pled herein in their entirety.

13. As it relates to the allegations contained in paragraph 29 of Plaintiff's First Amended Complaint, Defendant admits that RAB is a debt collector within the meaning of the Florida Consumer Collection Practices Act (FCCPA), Fla.Stat. Section 559.55.   Defendant denies all other allegations contained in paragraph 29 of Plaintiff's First Amended Complaint.

14.   Defendant denies the allegations in paragraph 30 of Plaintiff's First Amended Complaint.

## COUNT III
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT CAPITAL ONE

15.   As it relates to the allegations in paragraphs 31-35 of Plaintiff's First Amended Complaint, allegations 31-35 pertain to another party, therefore Defendant, RAB, is

-4-

CASE NO. 6:07-CV-1484-ORAL-22DAB

without knowledge as it relates to the allegations. Consequently, said allegations are denied.

## COUNT IV
### DECLARATORY RELIEF SOUGHT

16. Defendant is without knowledge as it relates to the allegations in paragraph 36 of Plaintiff's First Amended Complaint. Consequently, said allegations are denied.

## COUNT V
### INJUNCTIVE RELIEF SOUGHT

17. Defendant is without knowledge as it relates to the allegations in paragraph 37 of Plaintiff's First Amended Complaint. Consequently, said allegations are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(EQUITABLE ESTOPPEL)

Defendant, REGIONAL ADJUSTMENT BUREAU, INC., alleges that the Plaintiff herein, in each and every cause of action contained in the First Amended Complaint, are barred by reasons of acts, omissions, representations and courses of conduct by Plaintiff by which Defendant was led to rely to their detriment, thereby barring, under the Doctrine of Equitable Estoppel, any causes of action asserted by the

-5-

CASE NO. 6:07-CV-1484-ORAL-22DAB

Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED)

Plaintiff's allegations are mere conclusions of the law rather than factual statements. Further, the alleged statements do not satisfy the elements of the appropriate causes of action. In addition, there is no relief that this Court can provide through injunction against Defendant, Regional Adjustment Bureau, with regard to the allegations.

## THIRD AFFIRMATIVE DEFENSE
### (LICENSE)

Regional Adjustment Bureau is licensed to conduct business in the State of Florida. RAB is registered with the State of Florida Office of Financial Regulation which provided a Consumer Collection Agency Registration effective from January 1, 2007 to December 31, 2007.

## FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO COMPLY WITH ALL CONDITIONS PRECEDENT)

Plaintiff failed to comply with all the conditions precedent prior to filing this lawsuit.

-6-

CASE NO. 6:07-CV-1484-ORAL-22DAB

### FIFTH AFFIRMATIVE DEFENSE
(FAILURE TO ALLEGE DAMAGES)

Plaintiff has failed to specifically allege damages that resulted from RAB's alleged actions.

### SIXTH AFFIRMATIVE DEFENSE
(COMPLIANCE WITH 15 U.S.C. SECTION 1692)

As its next affirmative defense, Defendant states that any communications between Plaintiff and Defendant after the receipt of Plaintiff's written dispute letter on the afternoon of May 1, 2007, were made for the purpose enumerated in 15 U.S.C. Section §1692(c)(1), (2) or (3) and thus is not in actionable communication under the Fair Debt Collection Practices Act, 15 U.S.C. Section §1692 - 1692(o). Further Defendant states that it has in place procedures reasonably adapted to avoid collection errors and violations of any applicable laws. Defendant asserts any error on Defendant's part constitutes a bonafide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error, and as such Plaintiff's causes of action are barred by 15 U.S.C. Section §1692(k)(c). Communications sent to the Plaintiff in this case were not in violation of any federal or

-7-

CASE NO. 6:07-CV-1484-ORAL-22DAB

state law or statute.  The manner in which Defendant attempted to collect this debt were in compliance with and not a violation of any federal or state law.

### SEVENTH AFFIRMATIVE DEFENSE
(STANDING)

Plaintiff, in his personal capacity, does not have standing to file this suit.  The account in question was a business account in the name of Rumbough Associates.

### EIGHT AFFIRMATIVE DEFENSE
(STRIKE PUNITIVE DAMAGES)

Plaintiff's request for punitive damages is immaterial based on the alleged facts.  A court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter on its own in accordance with F.R.C.P. 12(f).

### DEMAND FOR JURY TRIAL

Defendant, RAB, demands trial by jury on all issues so triable by law.

By:   s/John L. Morrow
      John L. Morrow, Esquire
      Florida Bar No. 656038
      Conroy, Simberg, Ganon, Krevans,
      Abel, Lurvey, Morrow & Schefer, PA
      Two S. Orange Avenue

-8-

CASE NO. 6:07-CV-1484-ORAL-22DAB

Suite 300
Orlando, FL 32801
(407) 649-9797
(407) 649-1968 - Fax
jmorrow@conroysimberg.com
Attorneys for Regional Adjustment
Bureau, Inc.

-9-

CASE NO. 6:07-CV-1484-ORAL-22DAB

## Certificate of Service

I hereby certify that on November 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

Douglas A. Kahle
Schwed McGinley & Kahle
dkahle@schwedmcginley.com
**Attorneys for TSYS**
**Total Debt Management**

Sara R. Holladay-Tobias
McGuire Woods, LLP
sfhollad@mcguirewoods.com
**Attorneys for Defendant**
**Capital One Services, Inc.**

Jeffrey S. York
McGuire Woods, LLP
jyork@mcguirewoods.com
**Attorneys for Defendant**
**Capital One Services, Inc.**

I further certify that I mailed a copy of the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
**Pro Se Plaintiff**

s/John L. Morrow
John L. Morrow

JLM/DDH/ep

-10-