

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH
    Plaintiff.

Case No. 6:07-cv-1484-Orl-22DAB

-v-

CAPITAL ONE BANK,
CAPITAL ONE SERVICES, INC.
    Defendants.

## SECOND AMENDED COMPLAINT

    Plaintiff, Larry Rumbough, hereby sues Defendants, Capital One Bank, an unknown entity; and Capital One Services, Inc., a Delaware Corporation; and alleges:

### PRELIMINARY STATEMENT

    1. This is an action for damages brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI); and for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

### JURISDICTION AND VENUE

    2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 15 U.S.C. §1692k. The court has supplemental jurisdiction over state law claims.

    3. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

    4. This is an action for damages which exceed $75,000.00.

    5. Plaintiff, Larry Rumbough, is a natural person and is a resident of the State of Florida.

    6. Defendant, CAPITAL ONE BANK ("Capital One Bank"), is an unknown entity, not authorized to do business in Florida.

    7. Defendant, CAPITAL ONE SERVICES, INC. ("Capital One Services"), is a Delaware Corporation, authorized to do business in Florida.

    8. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

9. In 2001, Plaintiff obtained a credit card from Defendant Capital One Bank. The card (account ending in 4712) was the only Capital One account that Plaintiff has ever had. The account was closed within a few months when Defendant Capital One Bank refused to abide by the Fair Credit Billing Act in reversing illegitimate charges.

10. About the same time that the account was closed, Defendants Capital One Bank and Capital One Services began reporting false information about the account to the credit reporting agencies, Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies. Defendants Capital One Bank and Capital One Services have repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account is in dispute.

11. At the time the account was closed, there was a disputed balance of less than $300. Since then Defendants Capital One Bank and Capital One Services, directly and through other entities, have been attempting to collect on what they now claim to be a balance of approximately $2,300. Neither Defendant has ever provided to Plaintiff an accounting of the alleged debt nor any contract or other legal justification for attempting to collect it. In fact, Defendant Capital One Services has repeatedly informed Plaintiff that it can find no record of Plaintiff's account, only three other accounts which it falsely claims belonged to Plaintiff.

12. On September 1, 2006, Defendant Capital One Services sent Plaintiff a letter indicating that the alleged debt had been charged off yet still continued to accrue interest of 25.9% per year. The letter stated that "This is an attempt to collect a (consumer) debt (claim). Any information obtained will be used for that purpose." and "This communication is from a debt collector." However the letter clearly indicated that these statements did not apply to Plaintiff, but only to residents of certain states other than Florida, where Plaintiff resides.

13. On October 24, 2006 TSYS Total Debt Management (TSYS) filed a Proof of Claim in Plaintiff's bankruptcy seeking $2,323.92 on behalf of Defendant Capital One Bank. A copy of the Proof of Claim was not sent to Plaintiff.

14. On March 27, 2007 Plaintiff sent a letter to TSYS demanding validation of the alleged debt. The letter was sent by certified mail and received by Defendant TSYS on March 30, 2007. TSYS did not respond to the letter.

15. On April 14, 2007 Regional Adjustment Bureau, Inc. (RAB) called Plaintiff attempting to collect on the alleged debt.

16. On April 16, 2007 RAB sent a letter to Plaintiff attempting to collect on the alleged debt.

17. On April 18, 2007 RAB called Plaintiff attempting to collect on the alleged debt.

18. On April 25, 2007 Plaintiff sent a letter to RAB demanding validation of the alleged debt. The letter was sent by certified mail and received by RAB on May 1, 2007.

19. On May 1, 2007 RAB called Plaintiff attempting to collect on the alleged debt.

20. On May 2, 2007 RAB sent a letter to Plaintiff attempting to collect on the alleged debt. The letter did not validate the alleged debt.

21. On May 2, 2007 Defendant Capital One Services sent Plaintiff a letter indicating that it could not find any record of Plaintiff's account. The letter failed to disclose that the communication is from a debt collector.

22. On June 7, 2007 Plaintiff sent a letter entitled "NOTICE OF PENDING LAWSUIT" to Defendant Capital One Bank demanding that it and TSYS and RAB cease violating federal and state laws at Plaintiff's expense. The letter was sent by certified mail and received by Defendant Capital One Bank on June 15, 2007. Copies of the letter were also sent to TSYS and RAB.

23. On June 30, 2007 Defendant Capital One Services sent Plaintiff a letter responding to the "NOTICE OF PENDING LAWSUIT" indicating that it could not find any record of Plaintiff's account. Also enclosed with the mailing was a copy of Plaintiff's "NOTICE OF PENDING LAWSUIT." The letter failed to disclose that the communication is from a debt collector.

24. On July 17, 2007 Defendant Capital One Services sent Plaintiff a letter requesting consent to send information about the alleged account to a third party. The letter failed to disclose that the communication is from a debt collector.

25. On September 7, 2007 Defendant Capital One Services again sent Plaintiff a letter requesting consent to send information about the alleged account to a third party. The letter failed to disclose that the communication is from a debt collector.

26. On September 17, 2007 Plaintiff filed a Complaint in this action against Defendant Capital One Services, TSYS, and RAB.

27. On November 1, 2007 Plaintiff voluntarily dismissed with prejudice the action against TSYS after TSYS paid Plaintiff an undisclosed amount of money.

28. On December 20, 2007 Plaintiff voluntarily dismissed with prejudice the action against RAB after RAB paid Plaintiff $4,000.00.

29. Plaintiff contends that the illegal actions of Defendants Capital One Bank and Capital One Services have harmed the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANT CAPITAL ONE SERVICES

30. Paragraphs 1 through 29 are realleged as though fully set forth herein.

31. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

32. Defendant Capital One Services is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

33. Defendant Capital One Services violated the FDCPA. Defendant's violations include, but are not limited to, the following:
   (a) Defendant Capital One Services violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.
   (b) Defendant Capital One Services violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
   (c) Defendant Capital One Services violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
   (d) Defendant Capital One Services violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.
   (e) Defendant Capital One Services violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
   (f). Defendant Capital One Services violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Capital One Services for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS CAPITAL ONE BANK AND CAPITAL ONE SERVICES

34. Paragraphs 1 through 29 are realleged as though fully set forth herein.

35. Plaintiff is a consumer within the meaning of the FCCPA, Fla. Stat. §559.55(2).

36. Defendant Capital One Bank is a creditor within the meaning of the FCCPA, Fla. Stat. §559.55(3) and Defendant Capital One Services is a debt collector within the meaning of the FCCPA, Fla. Stat. §559.55(6).

37. Defendants Capital One Bank and Capital One Services violated the FCCPA. Defendants' violations include, but are not limited to, the following:
   (a) Defendants Capital One Bank and Capital One Services violated Fla. Stat. §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.
   (b) Defendants Capital One Bank and Capital One Services violated Fla. Stat. §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Capital One Bank and Capital One Services for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT III
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANTS CAPITAL ONE BANK AND CAPITAL ONE SERVICES

38. Paragraphs 1 through 29 are realleged as though fully set forth herein.

39. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

40. Defendants Capital One Bank and Capital One Services are furnishers of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

41. Defendants Capital One Bank and Capital One Services willfully violated the FCRA. Defendants' violations include, but are not limited to, the following:
   (a) Defendants Capital One Bank and Capital One Services willfully violated 15

U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.
(b) Defendants Capital One Bank and Capital One Services willfully violated 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.
(c) Defendants Capital One Bank and Capital One Services willfully violated 15 U.S.C. §1681s-2(b)(B) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.
(d) Defendants Capital One Bank and Capital One Services willfully violated 15 U.S.C. §1681s-2(b)(C) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Capital One Bank and Capital One Services for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT IV
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 NEGLIGENT NON-COMPLIANCE BY DEFENDANTS CAPITAL ONE BANK AND CAPITAL ONE SERVICES

42. Paragraphs 1 through 29 are realleged as though fully set forth herein.

43. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

44. Defendants Capital One Bank and Capital One Services are furnishers of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

45. Defendants Capital One Bank and Capital One Services negligently violated the FCRA. Defendants' violations include, but are not limited to, the following:
(a) Defendants Capital One Bank and Capital One Services negligently violated 15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.
(b) Defendants Capital One Bank and Capital One Services negligently violated 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person

      to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

(c) Defendants Capital One Bank and Capital One Services negligently violated 15 U.S.C. §1681s-2(b)(B) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

(d) Defendants Capital One Bank and Capital One Services negligently violated 15 U.S.C. §1681s-2(b)(C) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Capital One Bank and Capital One Services for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: February 21, 2008

Respectfully submitted,

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 21st day of February, 2008 by U.S. Mail delivery to:

Sara F. Holladay-Tobias  
McGuireWoods LLP  
50 N. Laura Street, Suite 3300  
Jacksonville, FL 32202

*Larry Rumbough*  
Larry Rumbough  
840 Lilac Trace Lane  
Orlando, FL 32828  
(321) 331-1859