**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LARRY RUMBOUGH,

      Plaintiff,

vs.                                          CASE NO.:  6:07-cv-1484

CAPITAL ONE SERVICES, INC.,
and CAPITAL ONE BANK,

      Defendants.
_____

**DEFENDANTS CAPITAL ONE SERVICES, INC'S AND CAPITAL
ONE BANK'S MOTION TO DISMISS FOR FAILURE TO STATE A
CAUSE OF ACTION, AND MEMORANDUM OF LAW IN SUPPORT**

Defendants, Capital One Services, Inc. ("COS") and Capital One Bank ("COB")(collectively "Capital One"), pursuant to Fed. R. Civ. P. 12(b)(6), move to partially dismiss Counts II, III and IV of Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted.  In support, Capital One states:

**I.    INTRODUCTION**

1.    On February 21, 2008, Plaintiff, Larry Rumbough ("Plaintiff" or "Rumbough"), filed a four-count Second Amended Complaint alleging that (i) COS violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") (Count I), (ii) COS and COB violated Sections 1681s-2(a) and (b) of the Fair Credit Reporting Act ("FCRA") (Counts III and IV), and (iii) COS and COB violated certain provisions of the Florida Consumer Collection Practices Act ("FCCPA") by, among other things, allegedly "disclosing information concerning the existence of a debt known to be

reasonably disputed by the debtor without disclosing that [the debt was in dispute]" (Count II).

2. Plaintiff's allegations in Counts III and IV relating to alleged violations of Section 1681-2(a) of FCRA should be dismissed because both FCRA and well-settled case law state that there is no private right of action against furnishers of information under Section 1681s-2(a).

3. In addition, Plaintiff's allegations in Count II relating to violations of the FCCPA for failing to note that a debt was "in dispute" (i.e., Fla. Stat. § 559.72(6)) should be dismissed because FCRA preempts this state law statutory cause of action.

## MEMORANDUM OF LAW

### I.   STANDARD OF REVIEW FOR MOTION TO DISMISS

In deciding motions to dismiss, a court must confine itself to the four corners of the complaint. *See Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232, 233 (M.D. Fla. 1995); *Bunger v. Hartman*, 851 F.Supp. 461, 463 (S.D. Fla. 1994). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted if, after accepting all well-pled allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. *See Eidson v. Arenas*, 155 F.R.D. 215, 219 (M.D. Fla. 1994); *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

In his Second Amended Complaint, Plaintiff has failed to state a cause of action upon which relief may be granted under Section 1681s-2(a) of FCRA and Fla. Stat. §559.72(6). Therefore, these claims should be dismissed.[1]

---

[1] Capital One also denies that Plaintiff is entitled to relief under the remaining allegations and Counts in the Second Amended Complaint. However, Capital One recognizes that the Court's determination of the

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER SECTION 1681s-2(a) OF THE FAIR CREDIT REPORTING ACT

In Counts III and IV, Plaintiff purports to bring claims against COB and COS for alleged violations of FCRA under Sections 1681s-2(a) and (b). However, as COB and COS are "furnishers of information,"[2] Plaintiff only has a private cause of action against COB and COS under Section 1681s-2(b). Indeed, Sections 1681s-2(c)-(d) of FCRA specifically state that Section 1681s-2(a) of FCRA shall be enforced "exclusively" by certain governmental agencies and officials.

Moreover, numerous courts have held that consumers and private individuals do not have a private right of action against a furnisher of information under Section 1681s-2(a) of FCRA; only Section 1681s-2(b). *See Acosta v. Campbell*, No. 6:04cv761-ORL-28-DAB, 2006 WL 146208, at *13 (M.D. Fla. Jan. 18, 2006)(no private right of action against a furnisher exists under 15 USC §1681s-2(a)); *Young v. Equifax Credit Information Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002)(same); *Abbett v. Bank of America*, No. 3:04cv01102-WKW-VPM, 2006 WL 581193, at *4 (M.D. Ala. Mar. 8, 2006)(same); *Allen v. Am. Exp. Co.*, No. 07-60338-CIV, 2007 WL 2113622, at *2 (S.D. Fla. Jul. 23, 2007)("a private consumer does not have a cause of action against a furnisher [of credit information] for violation of §1681s-2(a)"); *Neal v. Equifax Credit Information Servs., Inc.*, No. Civ-A-103-CV-0761-JE, 2004 WL 5238126, at *4 (N.D. Ga. Mar. 11, 2004)(noting that "every court that has addressed the issue in a reported

---

merits of the remaining allegations would require an examination of facts beyond the four corners of the Second Amended Complaint. As such, Capital One will only address Plaintiff's failure to state a claim under certain portions of Counts II through IV.

[2] Plaintiff alleges, and Capital One does not dispute, that Capital One is a "furnisher of information" within the meaning of FCRA, 15 U.S.C. §1681s-2.

3

decision has concluded that private plaintiffs have no cause of action under 15 U.S.C. § 1681s-2(a)").

Therefore, as FCRA and the case law clearly state that Plaintiff has no private cause of action against COB and COS under Section 1681s-2(a), those portions of Counts III and IV alleging violations of Section 1681s-2(a) should be dismissed.

### III. PLAINTIFF'S CLAIM UNDER SECTION 559.72(6) OF THE FCCPA IS PREEMPTED BY FEDERAL LAW

In Count II of the Second Amended Complaint, Plaintiff purports to claim that COB and COS have violated Section 559.72(6) of the FCCPA by "disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact." *See Sec.Am.Compl.* ¶37(a). However, as the duty of a furnisher of information to note that a debt is "in dispute" is governed by Section 1681s-2(a)(3) of FCRA, the enforcement of which is left exclusively to certain governmental agencies and officials (*see* 15 U.S.C. § 1681s-2(c) & (d)), Plaintiff's state law statutory claim is preempted by FCRA.

Under the Supremacy Clause of the United States Constitution, "the Laws of the United States…shall be the supreme Law of the Land…any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI, cl. 2. In Section 1681t of FCRA, Congress explicitly stated the degree to which FCRA preempts state law which conflicts with the provisions of FCRA:

> No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under…section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies…"

15 U.S.C. §1681t(b)(1)(F).

4

Section 559.72(6) of the FCCPA conflicts with FCRA and is expressly preempted by Section 1681t(b)(1)(F) because Section 559.72(6) of the FCCPA attempts to regulate a subject matter governed by Section 1681s-2(a) of FCRA, i.e., when a furnisher of information must note that an account is "in dispute."  *See* 15 U.S.C. §1681s-2(a)(3). Indeed, numerous courts have held that state statutes, such as the FCCPA, which attempt to regulate the duties of furnishers of information are preempted by Section 1681t(b)(1)(F) of FCRA because such statutes concern the "subject matter" regulated by Section 1681s-2 of FCRA.  *See, e.g., Carney v. Experian Information Solutions, Inc.*, 57 F. Supp.2d 496, 503 (W.D. Tenn. 1999)(Tennessee Consumer Protection Act preempted to the extent it provided a private cause of action against furnishers of information for duties or obligations which can only be enforced by certain governmental agencies and officials under Section 1681s-2(a) & (c) of FCRA); *Howard v. Blue Ridge Bank*, 371 F. Supp.2d 1139, 1144 (N.D. Cal. 2005)(holding that state statute preempted by FCRA and noting that "Congress intended the FCRA to preempt state laws regarding the duties of furnishers and the remedies available against them, rather than allowing different liabilities for furnishers depending on the state of suit."); *Davis v. TransUnion, LLC*, 526 F.Supp.2d 577, 587-89 (W.D.N.C. 2007)(North Carolina's Unfair and Deceptive Trade Practices Act preempted to the extent it governed the "responsibilities of persons who furnish information to consumer reporting agencies"); *Jaramillo v. Experian Information Solutions, Inc.*, 155 F.Supp.2d 356, 361-62 (E.D. Pa. 2001)(Pennsylvania Unfair Trade Practices and Consumer Protection Law as applied to furnisher of information was preempted); *Ryder v. Washington Mut. Bank., F.A.*, 371 F.Supp.2d 152, 155 (D.Conn. 2005)(claim under the Connecticut Unfair Trade Practices

Act against furnisher of information concerning inaccuracies reported to credit reporting agency after notice of dispute was preempted by FCRA).

Numerous other courts have similarly held that state common law claims which concern matters governed by Section 1681s-2(a) of FCRA are also preempted. *See, e.g., Abbett v. Bank of America*, No. 3:04cv01102-WKW-VPM, 2006 WL 581193, at *5 (M.D. Ala. Mar. 8, 2006)("Allowing any private state law action to proceed against a furnisher of information based on violations of duties established by §1681s-2(a) is inconsistent with the FCRA"); *Knudson v. Wachovia Bank*, 513 F. Supp.2d 1255, 1260-61 (M.D. Ala. 2007)(allegations regarding failure to report accurate information and to correct reported information which are duties regulated by Section 1681s-2(a) of FCRA were preempted); *Lofton-Taylor v. Verizon Wireless*, No. 05-05320CG-B, 2006 WL 3333759, at 8 (S.D. Ala. Nov. 14, 2006)(state law claims, based on facts which are also alleged to be a violation of Section 1681s-2(a), are preempted).

Therefore, as the duty to note that a debt is "in dispute" is regulated by Section 1681s-2(a)(3) of FCRA, the case law clearly demonstrates that Section 1681t(b)(1)(F) preempts Plaintiff's claim and precludes any private cause of action for any failure to note a debt "in dispute."

## **CONCLUSION**

For the reasons more particularly set forth above, Capital One Services, Inc. and Capital One Bank respectfully request that this Court (i) dismiss those portions and allegations of Counts III and IV purporting to allege violations of Section 1681s-2(a) of FCRA; and (ii) dismiss those portions and allegations of Count II regarding failure to note an account is "in dispute" which are preempted by Section 1681t(b)(1)(F) of FCRA.

Respectfully Submitted,

**MCGUIREWOODS LLP**

By: *s/Sara F. Holladay-Tobias*
Jeffrey S. York
Florida Bar No. 0987069
Sara F. Holladay-Tobias
Florida Bar No. 026225
50 N. Laura Street, Suite 3300
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 (fax)
jyork@mcguirewoods.com
sfhollad@mcguirewoods.com

*Attorneys for Defendants Capital One Services, Inc. and Capital One Bank.*

**Certificate of Service**

    I hereby certify that on this 24th day of March, 2008, I electronically filed the foregoing *Motion to Dismiss for Failure to State a Cause of Action, and Memorandum of Law in Support* with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing to the following non-CM/ECF participant by E-mail and U.S. Mail:

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
**Pro Se Plaintiff**

                                              *s/Sara F. Holladay-Tobias*
                                              Sara F. Holladay-Tobias

\5230398.1