**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LARRY RUMBOUGH

    Plaintiff,

                                                Case No. 6:07-cv-1484-Orl-22DAB

-v-

CAPITAL ONE BANK,
CAPITAL ONE SERVICES, INC.

    Defendants.
_____

**DEFENDANT CAPITAL ONE BANK'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, Capital One Bank ("COB" or "Defendant") answers Plaintiff's, Larry Rumbough's ("Rumbough" or "Plaintiff") Second Amended Complaint and states as follows:

1. Defendant COB admits that Plaintiff purports to bring an action for violations of the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, and the Fair Credit Reporting Act against Defendant COB, but COB denies that Plaintiff states any claim or is entitled to any relief from COB.

2. Defendant COB admits that this Court has subject matter jurisdiction over this action but denies that Plaintiff states any claim or is entitled to any relief from COB. COB denies the remaining allegations of Paragraph 2 of the Second Amended Complaint.

3. Defendant COB admits that venue is proper in this Court but denies the remaining allegations of Paragraph 3 of the Second Amended Complaint.

4. Defendant COB denies the allegations in Paragraph 4 of the Second Amended Complaint.

5. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Second Amended Complaint at this time, and therefore denies the allegations.

6. Defendant COB admits that on March 1, 2008 COB converted from a Virginia state-charted bank authorized to do business in Florida to a national banking association authorized to do business in Florida. COB denies the remaining allegations of Paragraph 6 of the Second Amended Complaint.

7. Defendant COB admits that Capital One Services ("COS") is a Delaware corporation authorized to do business in Florida. COB denies the remaining allegations of Paragraph 7 of the Second Amended Complaint.

8. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Second Amended Complaint at this time, and therefore denies the allegations.

9. Defendant COB admits that in 2001, through one of his businesses, Plaintiff opened a small business credit card account ending in 4712 with COB. COB denies the remaining allegations of Paragraph 9 of the Second Amended Complaint.

10. Defendant COB denies the allegations in Paragraph 10 of the Second Amended Complaint.

11. Defendant COB admits that COB and/or COS have attempted to collect monies from Plaintiff for amounts owed on Plaintiff's COB account. Defendant COB admits that on several occasions Defendants COB and/or COS have been unable to

locate information on Plaintiff's account because on these instances Plaintiff refused to provide adequate information to Defendants COB and/or COS to enable Defendants COB and COS to retrieve information regarding Plaintiff's account. Defendant COB denies the remaining allegations of Paragraph 11 of the Second Amended Complaint.

12. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Second Amended Complaint at this time because the September 1, 2006 letter referenced in Paragraph 12 is not attached as an Exhibit to the Complaint, and thus, Defendant COB is unable to reasonably determine precisely to which document Plaintiff is referring. Defendant COB further states that the September 1, 2006 letter referenced and quoted in Paragraph 12 of the Second Amended Complaint speaks for itself. Defendant COB denies the remaining allegations of Paragraph 12 of the Second Amended Complaint.

13. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Second Amended Complaint at this time, and therefore denies the allegations.

14. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Second Amended Complaint at this time, and therefore denies the allegations.

15. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Second Amended Complaint at this time, and therefore denies the allegations.

16. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Second Amended Complaint at this time, and therefore denies the allegations.

17. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Second Amended Complaint at this time, and therefore denies the allegations.

18. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Second Amended Complaint at this time, and therefore denies the allegations.

19. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Second Amended Complaint at this time, and therefore denies the allegations.

20. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Second Amended Complaint at this time, and therefore denies the allegations.

21. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of the Second Amended Complaint at this time because the May 2, 2007 letter referenced in Paragraph 21 is not attached as an Exhibit to the Complaint, and thus, Defendant COB is unable to reasonably determine precisely to which document Plaintiff is referring.  Defendant COB further states that the May 2, 2007 letter referenced in Paragraph 21 of the Second Amended Complaint speaks for itself.  Defendant COB denies the remaining allegations of Paragraph 21 of the Second Amended Complaint.

22. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Second Amended Complaint at this time because the June 7, 2007 letter referenced and quoted in Paragraph 22 is not attached as an Exhibit to the Complaint, and thus, Defendant COB is unable to reasonably determine precisely to which document Plaintiff is referring.  Defendant COB further states that the June 7, 2007 letter referenced in Paragraph 22 of the Second Amended Complaint speaks for itself.  Defendant COB denies the remaining allegations of Paragraph 22 of the Second Amended Complaint.

23. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Second Amended Complaint at this time because the June 30, 2007 letter referenced and quoted in Paragraph 23 is not attached as an Exhibit to the Complaint, and thus, Defendant COB is unable to reasonably determine precisely to which document Plaintiff is referring.  Defendant COB further states that the June 30, 2007 letter referenced in Paragraph 23 of the Second Amended Complaint speaks for itself.  Defendant COB denies the remaining allegations of Paragraph 23 of the Second Amended Complaint.

24. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Second Amended Complaint at this time because the July 17, 2007 letter referenced in Paragraph 24 is not attached as an Exhibit to the Complaint, and thus, Defendant COB is unable to reasonably determine precisely to which document Plaintiff is referring.  Defendant COB further states that the July 17, 2007 letter referenced in Paragraph 24 of the Second Amended Complaint

speaks for itself. Defendant COB denies the remaining allegations of Paragraph 24 of the Second Amended Complaint.

25. Defendant COB is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Second Amended Complaint at this time because the September 7, 2007 letter referenced in Paragraph 25 is not attached as an Exhibit to the Complaint, and thus, Defendant COB is unable to reasonably determine precisely to which document Plaintiff is referring. Defendant COB further states that the September 7, 2007 letter referenced in Paragraph 25 of the Second Amended Complaint speaks for itself. Defendant COB denies the remaining allegations of Paragraph 25 of the Second Amended Complaint.

26. Defendant COB admits that on or about September 17, 2007, Plaintiff filed this cause of action against Defendant COS, TSYS, and RAB. Defendant COB denies the remaining allegations of Paragraph 26 of the Second Amended Complaint.

27. Defendant COB admits that on or about November 1, 2007, Plaintiff dismissed his claims against Defendant TSYS, but Defendant COB is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 27, and therefore denies the allegations.

28. Defendant COB admits that on or about December 20, 2007, Plaintiff dismissed his claims against Defendant RAB, but Defendant COB is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 28, and therefore denies the allegations.

29. Defendant COB admits that Plaintiff purports to bring an action for damages caused by the alleged actions or omissions of Defendants COS and COB, but

Defendant COB denies that Plaintiff states any claim or entitled to any relief with respect to Defendant COB. Defendant COB denies the remaining allegations of Paragraph 29 of the Second Amended Complaint.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") BY DEFENDANT CAPITAL ONE SERVICES

30. Defendant COB reincorporates and realleges it responses to Paragraphs 1 through 29 as if fully set forth herein.

31-33. Count One is directed solely at Defendant COS and, therefore, no response is required from Defendant COB. To the extent Plaintiff contends a response from Defendant COB is required for Count One, Defendant COB denies the allegations in Paragraphs 31 through 33 of the Second Amended Complaint.

### COUNT II – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA") BY DEFENDANTS CAPITAL ONE BANK AND CAPITAL ONE SERVICES

34. Defendant COB reincorporates and realleges it responses to Paragraphs 1 through 29 as if fully set forth herein.

35. Defendant COB admits that Plaintiff is a natural person and thus may fall under the definition of "consumer" under FCCPA but Defendant COB states that Mediation Services, Inc., the entity under which the small business credit card account with COB was opened, is not a "consumer" under FCCPA. Defendant COB denies the remaining allegations of Paragraph 35 of the Second Amended Complaint.

36. Defendant COB admits that COB is a creditor under FCCPA but denies that COS is a debt collector under FCCPA. Defendant COB denies the remaining allegations of Paragraph 36 of the Second Amended Complaint.

37. Defendant COB states that, as the allegations in Paragraph 37(a) of the Second Amended Complaint have been dismissed by the Court, no response is required from Defendant COB. To the extent Plaintiff contends a response from Defendant COB is required for the allegations in Paragraph 37(a), Defendant COB denies the allegations in Paragraph 37(a) of the Second Amended Complaint. Defendant COB denies the remaining allegations in Paragraph 37 of the Second Amended Complaint, including the allegations in Paragraph 37(b) of the Second Amended Complaint.

### COUNT III – WILFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA") BY DEFENDANTS CAPITAL ONE BANK AND CAPITAL ONE SERVICES

38. Defendant COB reincorporates and realleges it responses to Paragraphs 1 through 29 as if fully set forth herein.

39. Defendant COB admits that Plaintiff is a natural person and thus may fall under the definition of "consumer" under FCRA but Defendant COB states that Mediation Services, Inc., the entity under which the small business credit card account with COB was opened, is not a "consumer" under FCRA. Defendant COB denies the remaining allegations of Paragraph 39 of the Second Amended Complaint.

40. Defendant COB admits that COS and COB are furnishers of information under FCRA.

41. Defendant COB states that, as the allegations in Paragraph 41(a) of the Second Amended Complaint have been dismissed by the Court, no response is required from Defendant COB. To the extent Plaintiff contends a response from Defendant COB is required for the allegations in Paragraph 41(a), Defendant COB denies the allegations in Paragraph 41(a) of the Second Amended Complaint.

8

Defendant COB denies the remaining allegations in Paragraph 41 of the Second Amended Complaint, including the allegations in Paragraphs 41(b) through 41(d) of the Second Amended Complaint.

**COUNT IV – NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA") BY DEFENDANTS CAPITAL ONE BANK AND CAPITAL ONE SERVICES**

42.   Defendant COB reincorporates and realleges it responses to Paragraphs 1 through 29 as if fully set forth herein.

43.   Defendant COB admits that Plaintiff is a natural person and thus may fall under the definition of "consumer" under FCRA but Defendant COB states that Mediation Services, Inc., the entity under which the small business credit card account with COB was opened, is not a "consumer" under FCRA.  Defendant COB denies the remaining allegations of Paragraph 43 of the Second Amended Complaint.

44.   Defendant COB admits that COS and COB are furnishers of information under FCRA.

45.   Defendant COB states that, as the allegations in Paragraph 45(a) of the Second Amended Complaint have been dismissed by the Court, no response is required from Defendant COB.  To the extent Plaintiff contends a response from Defendant COB is required for the allegations in Paragraph 45(a), Defendant COB denies the allegations in Paragraph 45(a) of the Second Amended Complaint. Defendant COB denies the remaining allegations in Paragraph 45 of the Second Amended Complaint, including the allegations in Paragraphs 45(b) through 45(d) of the Second Amended Complaint.

## PRAYERS FOR RELIEF

Defendant COB denies that Plaintiff is entitled to any of the damages alleged or relief sought in the Second Amended Complaint with respect to Defendant COB.

All other allegations in the Second Amended Complaint not specifically admitted are denied.

## FIRST DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Some or all of Plaintiff's claims are or may be barred or the relief he seeks limited by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are or may be barred by the doctrine of laches.

## FOURTH DEFENSE

Some or all of the Plaintiff's claims are or may be barred because Plaintiff has failed to mitigation alleged damages or losses.

## FIFTH DEFENSE

Some or all of the Plaintiff's claims are or may be barred by the doctrine of estoppel.

### SIXTH DEFENSE

Some or all of the Plaintiff's claims are or may be barred by the doctrine of waiver.

### SEVENTH DEFENSE

Some or all of the Plaintiff's claims are or may be barred because COS and COB are not "debt collectors" under FDCPA or FCCPA.

### EIGHTH DEFENSE

Some or all of Plaintiff's claims are or may be preempted by federal law.

### NINTH DEFENSE

Defendant COB reserves the right to amend or supplement its defenses after further investigation and discovery.

**McGuireWoods LLP**

By: */s/ Sara F. Holladay-Tobias*
Jeffrey S. York
Florida Bar No. 0987069
Sara F. Holladay-Tobias
Florida Bar No. 026225
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (fax)
jyork@mcguirewoods.com
sfhollad@mcguirewoods.com

*Attorneys for Defendants Capital One Bank USA, N.A. and Capital One Services, Inc.*

**Certificate of Service**

I hereby certify that on this 5th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed a copy of the foregoing document and the notice of electronic filing by email and first-class mail to the following non-CM/ECF participant:

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL  32828
**Pro Se Plaintiff**

*/s/ Sara F. Holladay-Tobias*
Sara F. Holladay-Tobias

\6314622.1