**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LARRY RUMBOUGH

      Plaintiff,

                                    Case No. 6:07-cv-1484-Orl-22DAB

-v-

CAPITAL ONE BANK,
CAPITAL ONE SERVICES, INC.

      Defendants.

_____

**<u>CAPITAL ONE SERVICES, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Defendant, Capital One Services, Inc. ("COS" or "Defendant") answers Plaintiff's,

Larry Rumbough's ("Rumbough" or "Plaintiff") Second Amended Complaint and states

as follows:

      1.     Defendant COS admits that Plaintiff purports to bring an action for violations

of the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act,

and the Fair Credit Reporting Act against Defendant COS, but COS denies that Plaintiff

states any claim or is entitled to any relief from COS.

      2.     Defendant COS admits that this Court has subject matter jurisdiction over

this action but denies that Plaintiff states any claim or is entitled to any relief from COS.

COS denies the remaining allegations of Paragraph 2 of the Second Amended

Complaint.

      3.     Defendant COS admits that venue is proper in this Court but denies the

remaining allegations of Paragraph 3 of the Second Amended Complaint.

4.     Defendant COS denies the allegations in Paragraph 4 of the Second Amended Complaint.

5.     Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Second Amended Complaint at this time, and therefore denies the allegations.

6.     Defendant COS admits that on March 1, 2008 Capital One Bank ("COB") converted from a Virginia state-chartered bank authorized to do business in Florida to a national banking association authorized to do business in Florida.   COS denies the remaining allegations of Paragraph 6 of the Second Amended Complaint.

7.     Defendant COS admits that COS is a Delaware corporation authorized to do business in Florida.   COS denies the remaining allegations of Paragraph 7 of the Second Amended Complaint.

8.     Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Second Amended Complaint at this time, and therefore denies the allegations.

9.     Defendant COS admits that in 2001, through one of his businesses, Plaintiff opened a small business credit card account ending in 4712 with COB.  COS denies the remaining allegations of Paragraph 9 of the Second Amended Complaint.

10.    Defendant COS denies the allegations in Paragraph 10 of the Second Amended Complaint.

11.    Defendant COS admits that it has attempted to collect monies from Plaintiff for amounts owed on Plaintiff's COB account.  Defendant COS admits that on several occasions Defendant COS has been unable to locate information on Plaintiff's account

because on these instances Plaintiff refused to provide adequate information to Defendant COS to enable Defendant COS to retrieve information regarding Plaintiff's account. Defendant COS denies the remaining allegations of Paragraph 11 of the Second Amended Complaint.

12.   Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Second Amended Complaint at this time because the September 1, 2006 letter referenced in Paragraph 12 is not attached as an Exhibit to the Complaint, and thus, Defendant COS is unable to reasonably determine precisely to which document Plaintiff is referring. Defendant COS further states that the September 1, 2006 letter referenced and quoted in Paragraph 12 of the Second Amended Complaint speaks for itself. Defendant COS denies the remaining allegations of Paragraph 12 of the Second Amended Complaint.

13.   Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Second Amended Complaint at this time, and therefore denies the allegations.

14.   Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Second Amended Complaint at this time, and therefore denies the allegations.

15.   Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Second Amended Complaint at this time, and therefore denies the allegations.

16.    Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Second Amended Complaint at this time, and therefore denies the allegations.

17.    Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Second Amended Complaint at this time, and therefore denies the allegations.

18.    Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Second Amended Complaint at this time, and therefore denies the allegations.

19.    Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Second Amended Complaint at this time, and therefore denies the allegations.

20.    Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Second Amended Complaint at this time, and therefore denies the allegations.

21.    Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of the Second Amended Complaint at this time because the May 2, 2007 letter referenced in Paragraph 21 is not attached as an Exhibit to the Complaint, and thus, Defendant COS is unable to reasonably determine precisely to which document Plaintiff is referring.  Defendant COS further states that the May 2, 2007 letter referenced in Paragraph 21 of the Second Amended Complaint speaks for itself.  Defendant COS denies the remaining allegations of Paragraph 21 of the Second Amended Complaint.

22.   Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Second Amended Complaint at this time because the June 7, 2007 letter referenced and quoted in Paragraph 22 is not attached as an Exhibit to the Complaint, and thus, Defendant COS is unable to reasonably determine precisely to which document Plaintiff is referring.   Defendant COS further states that the June 7, 2007 letter referenced in Paragraph 22 of the Second Amended Complaint speaks for itself.   Defendant COS denies the remaining allegations of Paragraph 22 of the Second Amended Complaint.

23.   Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Second Amended Complaint at this time because the June 30, 2007 letter referenced and quoted in Paragraph 23 is not attached as an Exhibit to the Complaint, and thus, Defendant COS is unable to reasonably determine precisely to which document Plaintiff is referring.   Defendant COS further states that the June 30, 2007 letter referenced in Paragraph 23 of the Second Amended Complaint speaks for itself.   Defendant COS denies the remaining allegations of Paragraph 23 of the Second Amended Complaint.

24.   Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Second Amended Complaint at this time because the July 17, 2007 letter referenced in Paragraph 24 is not attached as an Exhibit to the Complaint, and thus, Defendant COS is unable to reasonably determine precisely to which document Plaintiff is referring.   Defendant COS further states that the July 17, 2007 letter referenced in Paragraph 24 of the Second Amended Complaint

speaks for itself.  Defendant COS denies the remaining allegations of Paragraph 24 of the Second Amended Complaint.

25.   Defendant COS is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Second Amended Complaint at this time because the September 7, 2007 letter referenced in Paragraph 25 is not attached as an Exhibit to the Complaint, and thus, Defendant COS is unable to reasonably determine precisely to which document Plaintiff is referring.  Defendant COS further states that the September 7, 2007 letter referenced in Paragraph 25 of the Second Amended Complaint speaks for itself.   Defendant COS denies the remaining allegations of Paragraph 25 of the Second Amended Complaint.

26.   Defendant COS admits that on or about September 17, 2007, Plaintiff filed this cause of action against Defendant COS, TSYS, and RAB but Defendant COS denies that Plaintiff has stated any claim or is entitled to any relief from COS. Defendant COS denies the remaining allegations of Paragraph 26 of the Second Amended Complaint.

27.   Defendant COS admits that on or about November 1, 2007, Plaintiff dismissed his claims against Defendant TSYS, but Defendant COS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 27, and therefore denies the allegations.

28.   Defendant COS admits that on or about December 20, 2007, Plaintiff dismissed his claims against Defendant RAB, but Defendant COS is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 28, and therefore denies the allegations.

29.   Defendant COS admits that Plaintiff purports to bring an action for damages caused by the alleged actions or omissions of Defendants COS and COB, but Defendant COS denies that Plaintiff states any claim or entitled to any relief with respect to Defendant COS.  Defendant COS denies the remaining allegations of Paragraph 29 of the Second Amended Complaint.

**COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION
PRACTICES ACT ("FDCPA") BY DEFENDANT CAPITAL ONE SERVICES**

30.   Defendant COS reincorporates and realleges it responses to Paragraphs 1 through 29 as if fully set forth herein.

31.   Defendant COS admits that Plaintiff is a natural person and thus may fall under the definition of "consumer" under FDCPA but Defendant COS states that Mediation Services, Inc., the entity under which the small business credit card account with COB was opened, is not a "consumer" under FDCPA.  Defendant COS denies the remaining allegations of Paragraph 31 of the Second Amended Complaint.

32.   Defendant COS denies the allegations of Paragraph 32 of the Second Amended Complaint.

33.   Defendant COS denies the allegations of Paragraphs 33(a) through 33(f) of the Second Amended Complaint.

**COUNT II – VIOLATION OF THE FLORIDA CONSUMER
COLLECTION PRACTICES ACT ("FCCPA") BY DEFENDANTS
CAPITAL ONE BANK AND CAPITAL ONE SERVICES**

34.   Defendant COS reincorporates and realleges it responses to Paragraphs 1 through 29 as if fully set forth herein.

35.   Defendant COS admits that Plaintiff is a natural person and thus may fall under the definition of "consumer" under FCCPA but Defendant COS states that Mediation Services, Inc., the entity under which the small business credit card account with COB was opened, is not a "consumer" under FCCPA.  Defendant COS denies the remaining allegations of Paragraph 35 of the Second Amended Complaint.

36.   Defendant COS admits that COB is a creditor under FCCPA but denies that COS is a debt collector under FCCPA.   Defendant COS denies the remaining allegations of Paragraph 36 of the Second Amended Complaint.

37.   Defendant COS states that, as the allegations in Paragraph 37(a) of the Second Amended Complaint have been dismissed by the Court, no response is required from Defendant COS.   To the extent Plaintiff contends a response from Defendant COS is required for the allegations in Paragraph 37(a), Defendant COS denies the allegations in Paragraph 37(a) of the Second Amended Complaint. Defendant COS denies the remaining allegations in Paragraph 37 of the Second Amended Complaint, including the allegations in Paragraph 37(b) of the Second Amended Complaint.

**COUNT III – WILFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA") BY DEFENDANTS CAPITAL ONE BANK AND CAPITAL ONE SERVICES**

38.    Defendant COS reincorporates and realleges it responses to Paragraphs 1 through 29 as if fully set forth herein.

39.    Defendant COS admits that Plaintiff is a natural person and thus may fall under the definition of "consumer" under FCRA but Defendant COS states that Mediation Services, Inc., the entity under which the small business credit card account with COB was opened, is not a "consumer" under FCRA.  Defendant COS denies the remaining allegations of Paragraph 39 of the Second Amended Complaint.

40.    Defendant COS admits that COS and COB are furnishers of information under FCRA.

41.    Defendant COS states that, as the allegations in Paragraph 41(a) of the Second Amended Complaint have been dismissed by the Court, no response is required from Defendant COS.  To the extent Plaintiff contends a response from Defendant COS is required for the allegations in Paragraph 41(a), Defendant COS denies the allegations in Paragraph 41(a) of the Second Amended Complaint. Defendant COS denies the remaining allegations in Paragraph 41 of the Second Amended Complaint, including the allegations in Paragraphs 41(b)  through 41(d) of the Second Amended Complaint.

**COUNT IV – NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA") BY DEFENDANTS CAPITAL ONE BANK AND CAPITAL ONE SERVICES**

42.   Defendant COS reincorporates and realleges it responses to Paragraphs 1 through 29 as if fully set forth herein.

43.   Defendant COS admits that Plaintiff is a natural person and thus may fall under the definition of "consumer" under FCRA but Defendant COS states that Mediation Services, Inc., the entity under which the small business credit card account with COB was opened, is not a "consumer" under FCRA.  Defendant COS denies the remaining allegations of Paragraph 43 of the Second Amended Complaint.

44.   Defendant COS admits that COS and COB are furnishers of information under FCRA.

45.   Defendant COS states that, as the allegations in Paragraph 45(a) of the Second Amended Complaint have been dismissed by the Court, no response is required from Defendant COS.   To the extent Plaintiff contends a response from Defendant COS is required for the allegations in Paragraph 45(a), Defendant COS denies the allegations in Paragraph 45(a) of the Second Amended Complaint. Defendant COS denies the remaining allegations in Paragraph 45 of the Second Amended Complaint, including the allegations in Paragraphs 45(b)  through 45(d) of the Second Amended Complaint.

## PRAYERS FOR RELIEF

Defendant COS denies that Plaintiff is entitled to any of the damages alleged or relief sought in the Second Amended Complaint with respect to Defendant COS.

All other allegations in the Second Amended Complaint not specifically admitted are denied.

## FIRST DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Some or all of Plaintiff's claims are or may be barred or the relief he seeks limited by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are or may be barred by the doctrine of laches.

## FOURTH DEFENSE

Some or all of the Plaintiff's claims are or may be barred because Plaintiff has failed to mitigation alleged damages or losses.

## FIFTH DEFENSE

Some or all of the Plaintiff's claims are or may be barred by the doctrine of estoppel.

## SIXTH DEFENSE

Some or all of the Plaintiff's claims are or may be barred by the doctrine of waiver.

## SEVENTH DEFENSE

Some or all of the Plaintiff's claims are or may be barred because COS is not a "debt collector" under FDCPA or FCCPA.

## EIGHTH DEFENSE

Some or all of Plaintiff's claims are or may be preempted by federal law.

## NINTH DEFENSE

Defendant COS reserves the right to amend or supplement its defenses after further investigation and discovery.

MᴄGᴜɪʀᴇWᴏᴏᴅs LLP

By:    */s/ Sara F. Holladay-Tobias*
         Jeffrey S. York
         Florida Bar No. 0987069
         Sara F. Holladay-Tobias
         Florida Bar No. 026225
         50 N. Laura Street, Suite 3300
         Jacksonville, FL  32202
         (904) 798-3200
         (904) 798-3207 (fax)
         jyork@mcguirewoods.com
         sfhollad@mcguirewoods.com

*Attorneys for Defendants Capital One Bank USA, N.A. and Capital One Services, Inc.*

## Certificate of Service

I hereby certify that on this 5th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed a copy of the foregoing document and the notice of electronic filing by email and first-class mail to the following non-CM/ECF participant:

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL  32828
**Pro Se Plaintiff**

         */s/ Sara F. Holladay-Tobias*
         Sara F. Holladay-Tobias

\6307264.1