**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LARRY RUMBOUGH

      Plaintiff,

                                     Case No. 6:07-cv-1484-Orl-22DAB

-v-

CAPITAL ONE BANK,
CAPITAL ONE SERVICES, INC.

      Defendants.
_____

**DEFENDANTS' MOTION FOR PROTECTIVE**
**ORDER WITH MEMORANDUM OF LAW**

      Defendants, Capital One Bank USA, N.A. ("Capital One Bank") and Capital One

Services, Inc. ("Capital One Services"), (collectively "Defendants"), pursuant to Fed. R.

Civ. P. 26(c), moves this Court to enter a protective order quashing and/or modifying

Plaintiff Larry Rumbough's ("Plaintiff" or "Rumbough"), notices of deposition to the

extent these notices require Defendants' corporate representatives to appear in

Orlando, Florida for deposition in this action.  In support thereof, Defendants state as

follows:

**INTRODUCTION**

      1.    The Parties in this action have agreed to conduct two corporate

representative depositions in this action.  Both of these corporate representatives will

testify on behalf of Defendant Capital One Bank and Capital One Services.  These

depositions are estimated to take one-half day each.  The Parties, however, disagree

regarding the location for these depositions.

2.      Defendants' principal place of business is in Richmond, Virginia.  Similarly, the two individuals likely to be designated as corporate representatives for the requested depositions, Sarah Cheek and Melinda Butler, both reside and work in or around Richmond, Virginia.   Neither Ms. Cheek nor Ms. Butler normally travel for business purposes.[1]   As such, the Defendants have consistently requested that Defendants' corporate representatives' depositions be held in Richmond, Virginia.

3.      Plaintiff, however, has repeatedly insisted that Defendants' corporate representatives appear for deposition in Orlando, Florida where Plaintiff has initiated suit against the Defendants.

4.      In an effort to alleviate travel costs and expenses, Defendants offered on several occasions to make their corporate representatives available for deposition by video-teleconferencing or by telephone.  Plaintiff has declined these offers.

5.      On or about July 1, 2008, Plaintiff unilaterally noticed the deposition of the Defendants' corporate representatives for July 11, 2008 in Orlando, Florida.

6.      Plaintiff and Defendants' counsel have been in discussions regarding the corporate representative depositions and have agreed that the date for the depositions is flexible.  Capital One has agreed to make its corporate representatives available, but the parties agree that the location for these depositions should be decided before such depositions occur.

7.      In order to avoid styling this motion as an emergency motion, the parties have agreed to postpone the deposition of Capital One's corporate representatives until

---

[1] Capital One is in the process of obtaining a Declaration regarding (i) Capital One's principal place of business, (ii) the place of residence and work of Ms. Butler and Ms. Cheek, and (iii) the lack of travel engaged in by Ms. Cheek and Ms. Butler.  However, in the interest of time, Capital One is filing this Motion without the corresponding Declaration.  Capital One will file the Declaration once it is executed.

the Court rules on this Motion.  After this Court makes its determination as to this Motion, the parties will reschedule the depositions.  As such, Capital One has agreed to make its corporate representatives available regardless of whether such depositions must occur after the current discovery deadline of July 11, 2008.

8.      Although a response to a motion pursuant to  Local Rule 3.01(g) is normally due within ten (10) days, Plaintiff has agreed that in order to expedite a ruling on this Motion, he will file a response to this Motion as soon as practicable.

9.      Plaintiff's Notices of Deposition for Defendants' corporate representatives are improper and should be modified and/or quashed and a protective order entered to the extent Plaintiff's Notices of Deposition require Defendants' corporate representatives to appear for deposition in Orlando, Florida.  Depositions in Orlando, Florida are improper and burdensome on Defendants' corporate representatives because: (i) Defendants' principal place of business is in Richmond, Virginia, (ii) the corporate representatives reside and work in Richmond, Virginia, and (iii) Defendants have not counterclaimed against Plaintiff in this action.

## **MEMORANDUM OF LAW**

Numerous federal courts, including the Middle District of Florida and the former Fifth Circuit, have held the presumption is that the deposition of a corporate representative should ordinarily be taken at the corporation's principal place of business, especially where the corporation is the defendant.  *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)("It is well settled that 'the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business,'

especially when, as in this case, the corporation is the defendant.")[2]; *LeBlanc v. Unifund CCR Partners, G.P.*, No. 8:06-cv-1216-T-TBM, 2007 WL 2446900, at *3 (M.D. Fla. Aug. 23, 2007)("As a general rule and presumption, a non-resident corporate defendant should be deposed in its principal place of business, since the plaintiff is the party who brings the lawsuit and selects the forum.")(also citing numerous cases from other districts finding the same); *see also, e.g., McDougal-Wilson v. Goodyear Tire & Rubber Co.*, 232 F.R.D. 246, 249 (E.D. N.C. 2005).

Defendants anticipate that Plaintiff will rely principally upon Middle District Local Rule 3.04(b) in his argument that the depositions should be held in Orlando, Florida. However, as the Middle District recently stated in *LeBlanc v. Unifund CCR Partners, G.P*, Local Rule 3.04(b) does not overcome the general presumption that the deposition of a non-resident defendant's corporate representative should be held at the corporation's principal place of business.  2007 WL 2446900, at *3.  Plaintiff bears the burden of overcoming the general presumption.  *Id.*  Plaintiff may only overcome the presumption by showing the presence of several factors: (i) the location of counsel for the parties, (ii) the number of corporate representatives a party is seeking to depose, (iii) whether the deponents often travel for business, and (iv) "the equities regarding the nature of the claim and relationship of the parties, and the financial burden on the corporation designating the representative."  *Id.*  The Middle District has noted, however, that the mere fact that a corporation has "done business" in the Middle District is not enough to overcome the general location presumption.  *Id.*

---

[2] In another case regarding non-party notices for corporate representative depositions, the former Fifth Circuit also noted that "a person designated by an organization pursuant to Rule 30(b)(6) could not be required to travel outside the limits imposed by [Rule 45]." *See Cates v. LTV Aerospace Corp.*, 480 f.2d 620, 623 (5th Cir. 1973).

The circumstances of this action do not justify overcoming the general location presumption stated above.   Rather, the equities favor the presumptive deposition in Defendants' principal place of business.   First, more than one corporate representative deposition has been requested.    Second, neither of the designated corporate representatives normally travel for business purposes.   Third, if the deposition is held in Orlando, Florida, the corporate representatives will be required to miss multiple days of work in order to travel to Orlando, Florida and attend a one-half day deposition.   In comparison, if the deposition is held in Richmond, Virginia, the corporate representatives would only miss one-half day of work.   The economic impact and burden on the Defendants to require managers in their company to miss multiple days versus half days of work cuts against any argument that the corporate representatives should be required to travel and attend a deposition in Orlando.   Indeed, it is more efficient for Defendants' counsel and Plaintiff to travel to Richmond, Virginia for one day of depositions than to require Defendants' corporate representatives to take off at least two days or more to attend a one-half day deposition in Orlando, Florida.

Regardless, to alleviate any of Plaintiff's concerns over travel costs, Defendants remain willing to make their corporate representatives available for deposition via video teleconferencing or telephone.   The Middle District has even encouraged such alternatives.   Specifically, in *LeBlanc v. Unifund CCR Partners, G.P*, the Middle District recommended, that in order to save costs for all parties, the parties cooperate and consider deposition by alternative telephonic or electronic means, as was suggested by Defendants in this action.   *Id.*

WHEREFORE, for the foregoing reasons, Defendants, Capital One Bank and Capital One Services, respectfully request that this Court grant Defendants' Motion for Protective Order and quash and/or modify the Notices of Deposition for Defendants' corporate representatives with regard to the location in a place other than Defendants' principal place of business in Richmond, Virginia.

Respectfully Submitted,

Dated: July 7, 2008          MCGUIREWOODS LLP


By:    */s/ Sara F. Holladay-Tobias*
         Jeffrey S. York
         Florida Bar No. 0987069
         Sara F. Holladay-Tobias
         Florida Bar No. 026225
         50 N. Laura Street, Suite 3300
         Jacksonville, FL  32202
         (904) 798-3200
         (904) 798-3207 (fax)
         jyork@mcguirewoods.com
         sfhollad@mcguirewoods.com

         *Attorneys and Trial Counsel for Defendants*
         *Capital One Bank USA, N.A. and Capital One*
         *Services, Inc.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to M.D. Fla. L.R. 3.01(g), the undersigned counsel has conferred with Pro Se Plaintiff in good faith regarding the above motion but the parties have been unable to resolve their differences regarding the location of the depositions for Defendant's corporate representatives.

/s/ Sara F. Holladay-Tobias_____

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed a copy of the foregoing document and the notice of electronic filing by email and first-class mail to the following non-CM/ECF participant:

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL  32828
**Pro Se Plaintiff**

_____/s/ Sara F. Holladay-Tobias_____
Sara F. Holladay-Tobias

\6386926.1