UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH
    Plaintiff.

Case No. 6:07-cv-1484-Orl-22DAB

-v-

CAPITAL ONE BANK,
CAPITAL ONE SERVICES, INC.
    Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER WITH MEMORANDUM OF LAW

Plaintiff, Larry Rumbough, hereby responds to Defendant's Motion for Protective Order With Memorandum of Law of July 7, 2008, and states:

1. Defendants' general description of the Parties' discussions regarding Defendants' depositions and Plaintiff's previous attempt to set Defendants' depositions is accurate. However, Plaintiff's setting of Defendants' depositions for July 11, 2008 occurred because Parties could not otherwise agree on a date and location.

2. Defendants have failed to state a valid reason why their depositions should not take place in Orlando.

3. As Defendants acknowledge, Local Rule 3.04 clearly states that

> "it is the general policy of the Court....that a non-resident defendant who intends to be present in person at trial may reasonably be deposed at least once in this District either during the discovery stages of the case or within a week prior to trial as the circumstances seems to suggest."

4. It seems extremely unlikely that the Court would adopt a rule in conflict with relevant case law. Therefore, Plaintiff relies on this rule to insist that the deposition of Defendants' corporate representatives take place in Orlando.

5. As regards to Defendants' citation of *LeBlanc v. Unifund CFR Partners, G. P.*, Plaintiff asserts that even if there is in fact a general presumption that the deposition of a non-resident defendant's corporate representative should be held at the corporation's principal place of business, Plaintiff easily overcomes it for the following reasons:

(i) Counsel for Defendants is employed in Jacksonville, FL, which is significantly closer to Orlando than it is to Richmond, VA.

(ii) Plaintiff is seeking to depose only one corporate representative of each Defendant. In fact, he has agreed that if Defendants choose to designate one individual to be deposed on behalf of both Defendants, he has no objection to that.

(iii) As Plaintiff is seeking to depose only a corporate representative whom Defendants can unilaterally designate, they are free to choose someone who travels regularly. The identity of at least one of their designated representatives has already changed since the issue of depositions has been discussed by the Parties.

(iv) Plaintiff is absolutely confident that he will prevail in summary judgment against Defendants based on the evidence and discovery responses that he has obtained so far. Depositions will serve to clarify the extent and willfulness of Defendants' clear-cut violations of law. The cost for Defendants to appear in Orlando for their one-day deposition is extremely minimal for a multi-billion dollar corporation.

6. To conduct a deposition by video-teleconferencing would require a significantly higher cost for Plaintiff. Defendants have refused to consider paying for even part of the additional expense this would entail. Furthermore, such a deposition would be considerably less effective than one where the Parties are face-to-face. A telephonic deposition would be much less effective than that. There are hundreds pages of documents that need to be reviewed and discussed in detail during the depositions.

7. For Plaintiff to travel to Virginia for Defendants' depositions would entail expenses, including travel, lodging, and missed work, that would be potentially cost-prohibitive. Similar expenses for Defendants would have an infinitesimal effect on their business. Deponents could fly in and out of Orlando on the same day.

8. Plaintiff is more than willing to jointly select a date for depositions in Orlando that is convenient for Defendants, as long as the depositions takes place reasonably soon. The current refusal by Defendants to appear for their depositions in Orlando has already delayed them past the discovery deadline.

9. Plaintiff will be prejudiced if Defendants' motion is granted, either through expenses he will have difficulty bearing or by reducing the effectiveness of Defendants' depositions.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Motion for Protective Order and order them to appear for their depositions in Orlando.

Dated: July 21, 2008

Respectfully submitted,

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
(321) 331-1859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 21st day of July, 2008 by U.S. Mail delivery to:

Sara F. Holladay-Tobias
McGuireWoods LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
(321) 331-1859